**IT IS SO ORDERED AS MODIFIED**
Judge Edward J. Davila

Krista M. Carter (State Bar No. 225229)
carterk@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
700 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 632-4208
Facsimile: (650) 632-4533

Attorney for Defendant
BARNESANDNOBLE.COM LLC.

Steven Ritcheson, Esq. (SBN 174062)
WHITE FIELD, INC.
9800 D Topanga Canyon Blvd., #347
Chatsworth, CA 91311
Telephone: (818) 882-1030
Facsimile:  (818)  337-0383

Attorney for Plaintiff
OLYMPIC DEVELOPMENTS AG, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| OLYMPIC DEVELOPMENTS AG, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>BARNESANDNOBLE.COM LLC<br><br>       Defendant. | Case No.  C 11-01655 EJD<br>Honorable Judge Edward J. Davila<br><br>**STIPULATION TO STAY PROCEEDINGS PENDING REEXAMINATION OF PATENT-IN-SUIT** |

1  WHEREAS, Olympic Development AG, LLC ("Olympic") originally filed suit asserting U.S. Patent Nos. 5,475,585 (the "'585 patent") and/or 6,246,400 (the "'400 patent") against multiple defendants, including Amazon.com, Inc., Apple, Inc., barnesandnoble.com llc ("Barnes & Noble"), Microsoft Corporation, Nintendo of America, Inc., Sony Computer Entertainment of America LLC and Sony Electronics Inc. ("Sony") and Valve Corporation, on September 28, 2010 in the Central District of California. *See* Case No. CV10-7237-GW-PLA (C.D. Cal.), D.N.1 (Complaint for Patent Infringement);

WHEREAS, the '585 patent is currently the only patent that has been asserted against Barnes & Noble.

WHEREAS, the parties agreed to sever and transfer the cases, resulting in several related litigations,[1] and the present action was transferred to the Northern District and assigned to this Court on April 6, 2011. D.N. 89 (Order re Joint Stipulation and Motion to Sever and Transfer); D.N. 94 (Clerk's Notice of Transfer);

WHEREAS, by Order dated November 1, 2011 (Docket No. 145), the Court has ordered the parties to comply with certain case management dates, including: Invalidity Contentions (December 20, 2011); Joint Claim Construction and Prehearing Statement (February 17, 2012); Close of Claim Construction Discovery (March 19, 2012); Joint Case Management Statement for Interim Conference (April 10, 2012); Interim Case Management Conference (April 20, 2012); Last Day to Complete ADR Session (April 26, 2012); Case Tutorial (May 30, 2012); and Claim Construction Hearing (May 30, 2012) (collectively, the "Case Management Dates");

WHEREAS, on July 11, 2011, Sony filed its request seeking *ex parte* reexamination of Olympic's '585 patent (which is currently the only patent-in-suit in this action), and on September

---

[1] In addition to the present lawsuit, Olympic has sued for infringement of the '400 patent and/or the '585 patent in the following related litigations: *Olympic Dev. AG, LLC v. Sony*, Case Nos. 3:11-cv-01080-JCS and 3:11-cv-04203-JCS (consolidated) (N.D. Cal.); *Olympic Dev. AG, LLC v. Atl. Broadband Inc.*, Case No. 3:11-cv-029895-JCS (N.D. Cal.); *Olympic Dev. AG, LLC v. AT&T, Inc.*, Case No. 2:10-cv-08545-GW-PLA (C.D. Cal.); *Olympic Dev. AG, LLC, v. Nintendo of America, Inc.*, Case No. 3:11-CV-00329 SBA (NC) (N.D. Cal.); and *Olympic Dev. AG, LLC v. Amazon.com, Inc.*, Case No. 2:11-cv-00391-MJP (W.D. Wash.) (the "related litigations").

21, 2011, United States Patent and Trademark Office ("USPTO") Examiner Joshua Campbell ordered an *ex parte* reexamination of the '585 patent;

WHEREAS, in three related litigations, the courts have granted stays pending the outcome of the reexamination proceedings of the '400 and/or '585 patents. *Olympic Developments AG, LLC v. Sony*, Case No. 3:11-cv-01080-JCS (N.D. Cal.), D.N. 122 (Order granting stay pending reexamination proceedings); *Olympic Developments AG, LLC v. AT&T, Inc.* 2:10-cv-08545-GW-PLA (C.D. Cal.), D.N. 121 (same); *Olympic Developments AG, LLC v. Amazon.com, Inc.*, Case No. 2:11-cv-00391-MJP (W.D. Wash.), D.N. 131 (same);

WHEREAS, Olympic and Barnes & Noble seek to conserve judicial resources while the '585 patent is in reexamination; and

WHEREAS, Olympic and Barnes & Noble are engaged in settlement discussions and wish to continue their settlement discussions;

The Parties, by and through their respective counsel, subject to the Court's approval, stipulate as follows:

1. The litigation proceedings shall be stayed pending the resolution of the *ex parte* reexamination of the asserted '585 patent.
2. All Case Management Dates shall be vacated except for the following:
    a. The parties shall submit an updated Joint Case Management Statement by April 10, 2012.
    b. An Interim Case Management Conference shall be held as currently scheduled on April 20, 2012.

SO STIPULATED.

1  Dated:  November 11, 2011            Respectfully submitted,
                                        DICKSTEIN SHAPIRO LLP
2

3
                                        By:   */s/ Krista M. Carter*
4                                                Krista M. Carter

5                                        Attorney for Defendant
                                         BARNESANDNOBLE.COM LLC
6
   Dated:  November 11, 2011            Respectfully submitted,
7                                        WHITE FIELD, INC.

8

9                                        By:   */s/ Steven W. Ritcheson*
                                                 Steven W. Ritcheson
10
                                         Attorneys for Plaintiff OLYMPIC
11                                       DEVELOPMENTS AG, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Pursuant to General Order 45.X(B), I hereby attest that concurrence has been obtained from the above-named counsel indicated by a "conformed" signature (/s/) within this e-filed document.

                                                             */s/ Krista M. Carter*
                                                                Krista M. Carter

**PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED BY THE COURT:**

This action is STAYED in its entirety pending completion of the ex parte reexamination of the '585 patent. All hearing dates, Case Management Conferences, and other deadlines previously imposed are VACATED. The Clerk shall ADMINISTRATIVELY CLOSE this matter.

The parties shall submit a joint status report on or before April 10, 2012, apprising the court of the status of the reexamination proceedings and shall continue to do so every six months thereafter. Upon the completion of the reexamination proceedings, the parties may request that this matter be reopened and that a case management conference be scheduled.

DATED: November 14, 2011

                                                   EDWARD J. DAVILA
                                                   United States District Judge